O

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV 09-3215 AHM (FFMx) | Date | October 30, 2009 |
|---|---|---|---|
| Title | HUNT LOWRY v. ALDAR PROPERTIES PJSC, et al. | | |

| Present: The Honorable | A. HOWARD MATZ, U.S. DISTRICT JUDGE | |
|---|---|---|
| Stephen Montes | Not Reported | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys **NOT** Present for Plaintiffs:          Attorneys **NOT** Present for Defendants:

**Proceedings:**          IN CHAMBERS (No Proceedings Held)

## I.    FACTS ALLEGED IN COMPLAINT

Plaintiff Hunt Lowry ("Lowry"), an individual, is a California resident. Defendant Aldar Properties PJSC ("Aldar") is a United Arab Emirates ("UAE") corporation with its principal place of business in Abu Dhabi.  Aldar undertakes and operates real estate development projects and investment operations primarily in the UAE.  Motion at 2.

Plaintiff alleges that in early 2006 he was asked by Warner Brothers Entertainment ("Warner Bros.") to identify potential strategic business partners in the Gulf States region for the possible expansion of Warner Bros.' business interests in the region.  Complaint ¶ 5.  As part of these efforts, Plaintiff prepared and sent a proposal to Ahmed Al Sayegh, the Chairman of Aldar, outlining specific business opportunities with Warner Bros., including building an Abu Dhabi-based Warner Bros.-branded movie theater complex, theme park, film co-production venture, and media hub.  *Id*. ¶ 6.

On October 2, 2006, Plaintiff received a letter from the Mubadala Development Company, an investment fund wholly owned by the government of Abu Dhabi and the largest single shareholder of Aldar.  The letter, signed by Mr. Al Sayegh and Mubdala's CEO, responded favorably to Plaintiff's proposal and invited further discussions between Aldar, Warner Bros., and Plaintiff.  This invitation led to a meeting in Abu Dhabi between Aldar, Plaintiff, and two Warner Bros. executives on November 8, 2006.  Plaintiff alleges that at this meeting, which he facilitated, Aldar expressed a "strong interest" in collaborating with Warner Bros. on a project in Abu

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-3215 AHM (FFMx) | | Date | October 30, 2009 |
|---|---|---|---|---|
| Title | HUNT LOWRY v. ALDAR PROPERTIES PJSC, et al. | | | |

Dhabi.  Over the next few months, Plaintiff facilitated discussions and helped forge an alliance between Aldar and Warner Bros.

Throughout the negotiation process, the parties continued to meet in person in both Los Angeles and Abu Dhabi as well as via videoconference.   Plaintiff, accompanied by Warner Bros. executives, met with Aldar representatives in Abu Dhabi in December 2006 and again in February 2007.  *Id*. ¶ 12.  On April 17, 2007, Plaintiff and Aldar held a videoconference to work out the structure and language of a letter of intent for the alliance between Aldar and Warner Bros.  *Id*. ¶ 15.  In May 2007, Aldar, Lowry and Warner Bros. met in Los Angeles to further negotiate the terms the terms of and draft the letter of intent.  *Id*. ¶ 17.  Plaintiff was present during all of these meetings.

Plaintiff and Warner Bros. signed a letter of intent in Abu Dhabi on June 20, 2007 (the "June Letter of Intent.").  *Id*. ¶ 19. By its terms, the June Letter of Intent would not become binding until it was approved by Aldar's Board of Directors.  After further negotiations, Warner Brothers and Aldar signed a final and binding revised letter of intent (the "Binding Letter of Intent.").  *Id*. ¶ 23.

The Binding Letter of Intent created a "detailed and far ranging blueprint for a broad array of projects" in Abu Dhabi.  These projects included the construction and development of a "theme park resort hotel" branded with Warner Bros. intellectual property, a Warner Bros.-branded multiplex theater, the financing of video games, and the possible co-production and distribution of films.  Complaint ¶¶ 24-26.  Plaintiff alleges that the Binding Letter of Intent also explicitly granted Aldar the right to use of offices on the Warner Bros. lot in Burbank, and that it required Aldar to adjudicate any disputes with Warner Bros. involving the agreement in Los Angeles County.  *Id*. ¶ 26; Lowry Decl. Exh. E-26–E-28.

Plaintiff now claims that Aldar breached its obligation to compensate Plaintiff for the work he performed for Aldar, and has brought claims against Aldar for quantum meruit and breach of an implied contract.  Specifically, Plaintiff alleges that he rendered valuable services to Defendant and Warner Bros., that such services were performed at the specific request of both Aldar and Warner Bros., and that Aldar and Warner Bros. knew Plaintiff was acting in reliance on an expectation of compensation

O

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-3215 AHM (FFMx) | Date | October 30, 2009 |
|---|---|---|---|
| Title | HUNT LOWRY v. ALDAR PROPERTIES PJSC, et al. | | |

in accordance with industry standards.[1]  Complaint ¶¶ 32-40.  Plaintiff alleges that the reasonable value of the services he renders is in excess of $40 million. *Id.*

Defendant now moves to dismiss this action on the basis of lack of personal jurisdiction or on the ground of *forum non conveniens.*  For the following reasons, the Court DENIES the motion.

## II.    LEGAL STANDARDS

Where a defendant moves pursuant to Fed. R. Civ. P. 12(b)(2) to dismiss a complaint for lack of personal jurisdiction, the plaintiff will bear the burden of demonstrating that jurisdiction is appropriate.  *Sher v. Johnson*, 911 F.2d 1357, 1361 (9th Cir. 1990).  Where the motion is based on written materials and not an evidentiary hearing, "the plaintiff need only make a prima facie showing of jurisdictional facts." *Id.* (citing *Data Disc, Inc. v. Systems Tech. Assoc.*, 557 F.2d 1280, 1285 (9th Cir. 1977)).  In determining whether that showing has been made, uncontroverted allegations in the complaint must be taken as true and conflicts between the parties contained in the affidavits must be resolved in plaintiffs' favor.  *AT&T Co. v. Compagnie Bruxelles Lambert*, 94 F.3d 586, 588 (9th Cir. 1996).  Where there are issues of credibility or disputed issues of fact, a district court may require an evidentiary hearing.  *Sher*, 911 F.2d at 1361.

Where, as here, there is no applicable federal statute governing personal jurisdiction, the district court is to apply the law of the state in which the district court sits.  *Panavision International, L.P. v. Toeppen*, 141 F.3d 1316, 1320 (9th Cir. 1998). Because California's long-arm jurisdictional statute is coextensive with federal due process requirements, the jurisdictional analyses under state law and federal due

---

[1] Plaintiff and Aldar had reached a separate agreement on the terms of a jointly owned "film fund company" that would be headed by Plaintiff.  This agreement was formalized in writing on June 19, 2007. Complaint ¶ 10.  The June 19, 2007 agreement contains an arbitration clause requiring all claims arising under the agreement to be submitted to the London Court of International Arbitration.  *Id.*  This written agreement is not the subject of this action.  Complaint ¶ 10.

O

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV 09-3215 AHM (FFMx) | Date | October 30, 2009 |
|----------|------------------------|------|------------------|
| Title | HUNT LOWRY v. ALDAR PROPERTIES PJSC, et al. | | |

process are the same. *Id.  See* Cal. Civ. Proc. Code § 410.10 (providing for personal jurisdiction on any basis not inconsistent with the United States Constitution).  In order for a court to exercise personal jurisdiction over a nonresident defendant, that defendant must have "minimum contacts" with the forum state so that the exercise of jurisdiction "does not offend traditional notions of fair play and substantial justice." *International Shoe Co. v. Washington*, 326 U.S. 310, 316, 66 S.Ct. 154, 158 (1945).

Depending on the nature of the contacts between the defendant and the forum state, personal jurisdiction is characterized as either general or specific.  A court has general jurisdiction over a nonresident defendant when that defendant's activities within the forum state are "substantial" or "continuous and systematic," even if the cause of action is "unrelated to the defendant's forum activities." *Panavision International*, 141 F.3d at 1320 (citing *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414-16, 104 S.Ct. 1868, 80 L.Ed.2d 404 (1984)).

A court may also assert specific, or limited, jurisdiction over a cause of action that arises out of a defendant's forum-related activities. *Panavision International*, 141 F.3d at 1320.  The test for specific personal jurisdiction has three parts:

1. the defendant must perform an act or consummate a transaction within the forum, purposefully availing himself of the privilege of conducting activities in the forum and invoking the benefits and protections of its laws;

2. the claim must arise out of or result from the defendant's forum-related activities;  and

3. exercise of jurisdiction must be reasonable.

*Id.  See also Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475-76, 105 S.Ct. 2174 (1985).  Each of these requirements must be met for jurisdiction to comply with due process. *Doe v. American Nat. Red Cross,* 112 F.3d 1048, 1051 (9th Cir. 1997).

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-3215 AHM (FFMx) | Date | October 30, 2009 |
|---|---|---|---|
| Title | HUNT LOWRY v. ALDAR PROPERTIES PJSC, et al. | | |

## III.   DISCUSSION

### A.   Specific Personal Jurisdiction Exists Over Defendant

1.      Defendant Has Purposefully Availed Itself of this Forum

In assessing whether a defendant has purposefully availed itself of a forum, courts will assess the parties' "prior negotiations and contemplated future consequences, along with the terms of the contract and the parties' actual course of dealing." *Burger King*, 471 U.S. at 478.  Here, these factors counsel strongly in favor of this Court's exercise of personal jurisdiction over Aldar.  Although Plaintiff initiated contact with Aldar, the ongoing contact between the parties was not the result of Plaintiff's unilateral activity.  Defendant, on at least two occasions, traveled to California to engage in contract negotiations. *Lowry* Decl. §§ 12, 13. [2]  Furthermore, Plaintiff alleges that throughout these negotiations he engaged in discussions—at Aldar's request—"with various third-parties located in California and elsewhere about bringing activities or businesses to Abu Dhabi[.]" Complaint ¶ 11.  The purpose of the negotiations that Plaintiff claims to have facilitated (and now seeks compensation for) was to form an ongoing business relationship with a California business entity.  That relationship now exists and has led Aldar to make additional trips to Los Angeles and to hire California firms to help implement the deal. *Lowry* Decl. §§ 22-23.

The implied contract that Plaintiff alleges existed between him and Aldar, as well as the contract between Aldar and Warner Bros. that Plaintiff claims to have facilitated, "created continuing obligations between [Defendant] and residents of the forum." *Burger King*, 471 U.S. at 475-76.  Moreover, in the latter contract Aldar agreed to adjudicate any disputes it might have with Warner Bros. In Los Angeles County.  Complaint § 26.  Accordingly, Defendant "manifestly has availed himself of the privilege of conducting business [in California]" and it is presumptively "not

---

[2] Contrary to Aldar's contention, it is immaterial whether these negotiations concerned Plaintiff's compensation.  Plaintiff's claim is for compensation for the work he performed at these meetings; thus, the fact that they took place in California is relevant to the jurisdictional analysis.

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-3215 AHM (FFMx) | | Date | October 30, 2009 |
|----------|----------------------|--|------|------------------|
| Title | HUNT LOWRY v. ALDAR PROPERTIES PJSC, et al. | | | |

unreasonable to require him to submit to the burdens of litigation in that forum as well." *Id*. at 476.

> 2.    The Claims Arise Out of Defendant's Forum-Related Activities

In addition to establishing that a non-resident defendant purposefully availed itself of the forum state, the plaintiff must also demonstrate that its claims arise out of the defendant's forum-related activities. *See Bancroft*, 223 F.3d at 1088. If the plaintiff would not have suffered harm "but for" the defendant's forum-related activities, then the plaintiff's claims arise out of those activities. *See Ballard v. Savage*, 65 F.3d 1495, 1500 (9th Cir. 1995). Here, Plaintiff would not have suffered the harms he alleges for breach of an implied contract and quantum meruit in the absence of Aldar's ongoing negotiations with Warner Bros. Accordingly, Plaintiff's claims clearly arise out of Aldar's forum-related activities. *Daar & Newman v. VRL Int'l,* 129 Cal. App. 4th 482 (2005).

> 3.    Plaintiff has not Demonstrated that this Court's Exercise of Jurisdiction Would be Unreasonable

Once purposeful availment is established, a defendant may defeat jurisdiction only by "present[ing] a compelling case that the presence of some other considerations would render jurisdiction unreasonable." *Core-Vent Corp. v. Nobel Indus. AB*, 11 F.3d 1482, 1487 (9th Cir. 1993).

Defendant argues that as a foreign corporation headquartered over 8,000 miles away, it would be difficult to defend this lawsuit in California. Motion at 15. Yet Aldar is currently engaged in business dealings here. The Court is not persuaded that the inconvenience to Defendant is significant enough to render jurisdiction in this Court unreasonable. "A defendant's burden in litigating in the forum is a factor in the assessment of reasonableness, but unless the inconvenience is so great as to constitute a deprivation of due process, it will not overcome clear justifications for the exercise of jurisdiction." *Panavision*, 141 F.3d at 1323 (citations omitted).

O

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-3215 AHM (FFMx) | Date | October 30, 2009 |
|---|---|---|---|
| Title | HUNT LOWRY v. ALDAR PROPERTIES PJSC, et al. | | |

Defendant argues that important third-party witnesses reside in the UAE, and that such witnesses are beyond the jurisdiction of this Court. The third-party witnesses that Defendant cites, however, are Aldar executives and officers of the Abu Dhabi Media Company, a "successor-in-interest to Aldar's dealings with Lowry." Motion at 15-16. These witnesses, as Defendant's employees and successors-in-interest, could be brought to court by Aldar. Moreover, they could be made subject to discovery even if they remain in Abu Dhabi.

The record establishes that Defendant purposefully availed itself of this forum when it utilized Plaintiff's services and forged a business relationship with a California corporation. Moreover, Plaintiff's choice of this forum, as well as his interest in convenient and effective relief, weighs heavily in favor of this Court's exercise of personal jurisdiction.

Aldar has made no factual showing of the severity of the claimed burden other than making a generalized reference to the financial expense of participating in litigation in a foreign country, and to the inconvenience of its witnesses. It has not demonstrated that the burden of litigating the instant case will be so great as to constitute a deprivation of due process.

Accordingly, the Court DENIES Defendant's Motion to Dismiss for Lack of Personal Jurisdiction.[3]

## B.   Defendant has not Demonstrated that Dismissal on *Forum Non Conveniens* Grounds is Warranted

Defendant also seeks dismissal based on the doctrine of *forum non conveniens*. A federal court has discretion to dismiss a case on the ground of *forum non conveniens* when an alternative forum has jurisdiction to hear [the] case, and . . . trial in the chosen forum would establish . . . oppressiveness and vexation to a defendant . . . out of all

---

[3] Because the Court finds that it has specific personal jurisdiction over Defendant, there is no need to address Defendant's argument that general jurisdiction is lacking.

O

### UNITED STATES DISTRICT COURT
### CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-3215 AHM (FFMx) | | Date | October 30, 2009 |
|----------|------------------------|---|------|------------------|
| Title | HUNT LOWRY v. ALDAR PROPERTIES PJSC, et al. | | | |

proportion to plaintiff's convenience, or . . . the chosen forum [is] inappropriate because of considerations affecting the court's own administrative and legal problems." *See Sinochem Int'l Co. Ltd. v. Malaysis Int'l Shipping Corp.*, 127 S. Ct. 1184, 1190 (2007) (quotations and citations omitted). When seeking to dislodge a plaintiff from his home forum, the defendant bears the heavy burden of showing that there is an adequate alternative forum and that the balance of private and public interest factors favors dismissal. *Id.* at 1191; *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 257 (1981).

As a threshold matter, Aldar must demonstrate that an adequate alternative forum exists. Although this requirement is ordinarily "satisfied when the defendant is 'amenable to process' in the other jurisdiction," there may be "rare circumstances" in which the "remedy provided by the alternative forum is so clearly inadequate or unsatisfactory that it is no remedy at all." *Piper Aircraft,* 454 U.S. at 254 & n.22. While Plaintiff concedes that Aldar is amenable to service of process in the UAE, he offers substantial evidence that he would not be able to receive a fair trial in Abu Dhabi. Plaintiff claims that witnesses may not testify orally in UAE courts, that depositions are unavailable in UAE courts, that witnesses located out of the UAE cannot be compelled to appear, and that there is no right to a jury trial in the UAE. Opp. at 18-20. Moreover, Plaintiff contends that Abu Dhabi courts would not provide him with a fair trial. Plaintiff offers some evidence to support these contentions, but Aldar vigorously disputes them. Reply at 16-17. While both sides have offered substantial evidence supporting their respective positions, the Court need not resolve this issue, because Aldar has failed to demonstrate that the balancing of private and public interest factors favors a UAE forum.

1.     Private Interest Factors

Courts consider the following private interest factors: (1) the residence of the parties and the witnesses; (2) the forum's convenience to the litigants; (3) access to

O

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV 09-3215 AHM (FFMx) | Date | October 30, 2009 |
|----------|----------------------|------|------------------|
| Title | HUNT LOWRY v. ALDAR PROPERTIES PJSC, et al. | | |

physical evidence and other sources of proof; (4) whether unwilling witnesses can be compelled to testify; (5) the cost of bringing witnesses to trial; (6) the enforceability of the judgment; and (7) "all other practical problems that make trial of a case easy, expeditious and inexpensive." *Gulf Oil*, 330 U.S. at 508.

First, the parties and relevant witnesses reside in both the United States and the UAE. Both Plaintiff and Defendant have significant contacts with both forums by virtue of their ongoing business relationships in each forum. The contract negotiations that gave rise to Plaintiff's claims took place in both forums, and key witnesses and documents are likely to be located in both forums. Thus, the first three factors appear to favor neither forum, although if the Warner Bros. witnesses present here are critical, as is likely, that would favor Lowry's position.

Second, it is unclear from the evidence Aldar has put forth that Plaintiff would be able to compel unwilling third-party witnesses located in the United States to testify in UAE court. Although Aldar asserts that "UAE courts have compulsory process to enable the parties to compel unwilling witnesses to testify," the evidence it cites is a declaration from a UAE attorney stating that UAE courts can compel witnesses located *in the UAE* to testify in court. Opp. at 21; Al Marzouqi Decl. ¶ 20. While Plaintiff may not be able to compel Aldar's witnesses located in the UAE to testify in the United States, these witnesses, as Plaintiff points out, are likely to be employees or executives of Aldar and can thus be brought to court by Aldar. *See, e.g.*, *Lueck v. Sundstrand Corp.*, 236 F.3d 1137, 1146 (9th Cir. 2001) (noting that where documents and witnesses are "under the control of [the parties, they] can be brought to court, no matter the forum").

Although Aldar argues evidence that a foreign judgment would not be enforceable against it in the UAE, Lowry asserts that he could collect at least some portion of the judgment from Warner Bros. because Warner Bros. is "obligated to collect monies on behalf of Aldar." Opp. at 22.

O

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-3215 AHM (FFMx) | Date | October 30, 2009 |
|---|---|---|---|
| Title | HUNT LOWRY v. ALDAR PROPERTIES PJSC, et al. | | |

Accordingly, the private interest favors do not weigh in favor of transfer.

2.      Public Interest Factors

The public interest factors that a court will consider in a motion to dismiss based on *forum non conveniens* include:

> (1) administrative difficulties flowing from court congestion; (2) imposition of jury duty on the people of a community that has no relation to the litigation; (3) local interest in having localized controversies decided at home; (4) the interest in having a diversity case tried in a forum familiar with the law that governs the action: (5) the avoidance of unnecessary problems in conflicts of law.

*Creative Technology* , 61 F.3d at 703-04.  Defendant has failed to demonstrate that these factors weigh in favor of dismissal.  California has a strong interest in ensuring that contracts and agreements that foreign companies enter into with its citizens are not breached, making California an appropriate forum for Plaintiff's claims.  While each party asserts that the laws of its forum of choice will apply, neither party has put forth any evidence or provided any analysis in support of its assertion.

Accordingly, because the balance of public and private factors do not favor dismissal, the Court DENIES Defendant's motion to dismiss on *forum non conveniens* grounds.

O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-3215 AHM (FFMx) | Date | October 30, 2009 |
|---|---|---|---|
| Title | HUNT LOWRY v. ALDAR PROPERTIES PJSC, et al. | | |

## IV.   CONCLUSION

For the reasons stated above, the Court DENIES Defendant's Motion to Dismiss Plaintiff's Complaint for Lack of Personal Jurisdiction or, in the Alternative, on the Grounds of *Forum Non Conveniens*.[4]

No hearing is necessary.  Fed. R. Civ. P. 78; L. R. 7-15.

|  | : |  |
|---|---|---|
| Initials of Preparer | | SMO |

---

[4] Docket No. 13